**Clarence Dale CUNNINGHAM et al., Appellants,**

**v.**

**PHILLIPS PETROLEUM COMPANY, a corporation, Appellee.**

**No. 9404.**

United States Court of Appeals Tenth Circuit.

March 20, 1968.

———◆———

Edwin D. Abel, of Lampkin, Wolfe & Sokolosky, Oklahoma City, Okl. (Jerry D. Sokolosky and George J. McCaffrey, of Lampkin, Wolfe & Sokolosky, Oklahoma City, Okl., on the brief), for appellants.

Don Jemison, Oklahoma City, Okl. (Wm. J. Zeman, Lloyd G. Minter, and Charles H. Purdy, Bartlesville, Okl., and Edward J. Fauss, Oklahoma City, Okl., on the brief), for appellee.

Before PICKETT, LEWIS and BREITENSTEIN, Circuit Judges,

PICKETT, Circuit Judge.

This action was brought by thirty-one individuals to recover overtime pay allegedly due them under Section 7 of the Fair Labor Standards Act. 29 U.S.C. § 207. During the period in question, December 1963 to December 1965, the appellants were employed by Phillips as attendants at gasoline service stations owned and operated by Phillips in the State of Oklahoma. The trial court, in granting the defendant's motion for summary judgment, held that plaintiffs were exempt from the overtime provisions of the Act according to 29 U.S.C. § 213(b)(8), which provides that the provisions of Section 207 shall not apply to "any employee of a gasoline service station." [1]

There is no genuine issue of a material fact and it is agreed that summary proceedings under Rule 56 F.R.Civ.P. were appropriate. Phillips is referred to as a fully integrated corporation engaged in interstate commerce with an annual dollar value of sales of goods and service, exclusive of excise taxes, greater than the sum of $250,000 per year. During the period in question the appellants were employed by Phillips as station attendants at conventional gasoline service stations located on the Will Rogers and Turner turnpikes in Oklahoma. Each station was operated as a separate unit under the supervision of a station manager. The income from the various stations was delivered to Phillips and the employees were paid through the central office in the same manner as other employees of Phillips. We find no merit in

[1]. This exemption was repealed by a 1966 amendment. Pub.L. 89–601, §§ 201(b)(1), 211, 80 Stat. 830. See also, 29 U.S.C. § 213, as amended.

appellants' argument that they were employees of Phillips and were not employees "of a gasoline service station", within the meaning of § 213(b) (8) of the Fair Labor Standards Act, or that the exemption applied only to stations owned or operated by individuals which they described as "privately owned main street type stations." See, 29 C.F.R. §§ 779–259, 262, 307. The argument seems to be that the employees at no time entered into employment contracts with a gasoline service station and were only employees of Phillips. Of course an inanimate service station could not employ anyone. Only the owners or those with proper authority could give employment to station attendants. The statute creating the exemption, however, does not provide that it shall be applied differently to various classes of ownership. The service stations at which appellants worked, although owned and operated by Phillips, were physically separate from each other and were single retail establishments. Mitchell v. Bekins Van & Stge. Co., 352 U.S. 1027, 77 S.Ct. 593, 1 L.Ed.2d 589. It is evident that Congress intended that all gasoline service stations, regardless of their ownership, should be exempt from the overtime pay provisions of the Act. The report of the Senate Committee which considered this litigation states:

"6. Gasoline service stations.

Section 3(s) (5) brings under the act any gasoline service station which has an annual gross volume of sales of $250,000 or more. It should be noted that with respect to gasoline service establishments, the test applies to each separate establishment. *This would be true whether the establishment is part of a chain operation or whether it is independently owned.*

The provision in section 3(s) (5) dealing specifically with gasoline service 'establishments' takes them out of the category of section 3(s) (1) which applies on an 'enterprise' basis.

Employees of gasoline service stations or establishments that will be covered under the act for the first time will receive minimum wage rates on the same basis as retail and service enterprise employees referred to above. The provision in the new section 13(b) (8) will exempt any employee of a gasoline service station from the overtime requirements of the act." (Emphasis supplied) S.Rep. No. 145, Vol. 2, U.S.Cong. and Adm.News, 1st Sess. 1961, p. 1651.

This conclusion is further illustrated by a minority committee report which stated that the intended effect of the Act was to exclude from coverage all individual gasoline service stations regardless of the ownership thereof. S.Rep. No. 145, Vol. 2, U.S.Cong. and Adm.News, 1st Sess. 1961, p. 1701.

Affirmed.